Howard A. Zeller, J.
In this action a judgment is sought declaring unconstitutional the present composition of the Board of Supervisors of Cortland County.
The Constitution of the United States provides that no State shall deny to any person within its jurisdiction the equal protection of the laws. (U. S. Const., 14th Arndt., § 1.) The New York Constitution states no person shall be denied the equal protection of the laws of this State or any subdivision thereof. (N. Y. Const., art. I, § 11.) The courts have held that each citizen has the right to full participation in the political processes of the elective legislative body of his State and of his county’s elective legislative body exercising general governmental powers. A citizen has a right to participate, through his elective representatives, in government on an equal basis with other individuals in *109 the same State or in the same governmental subdivision. (Reynolds v. Sims, 377 U. S. 533 ; Iannucci v. Board of Supervisors, 20 NY 2d 244.)
As presently constituted, the Board of Supervisors of Cortland County consists of 21 members; one from each of the 15 towns of the county and one each from the 6 wards of the City of Cortland. Each supervisor has one vote. According to the 1970 United States census, the Town of Taylor has a population of 493; the Town of Cortlandville 7,469. Eleven towns with about one fifth of the total population of the county elect 11 of the 21 supervisors. Thus supervisors representing about one fifth of the population of the county are able to cast over one half of the total votes at meetings of the Board of Supervisors. Conversely, supervisors representing four fifths of the population of the county can be outvoted at board meetings.
The present composition of the Board of Supervisors of the County of Cortland is unconstitutional and invalid.
The Board of Supervisors should act and adopt a valid plan of apportionment, meeting constitutional requirements, by July 1, 1971. (See Municipal Home Rule Law, § 10.)
In the interim, the votes of the supervisors are to be weighted on the basis of one vote for each 100 of population and the remaining major fraction thereof. (Town of Carmel v. Board of Supervisors of Putnam County, 27 N Y 2d 975.) The 1970 figures for the towns shall be used for necessary computation. The 1970 census figure is available for the City of Cortland but not for the separate wards thereof. The city’s population in 1960 was 19,181; the 1970 census figure for the city gives a population of 19,621 or an increase of 440. Until the 1970 population figures are available for the wards, the population of each of the six wards shall be deemed to be that of the 1960 census plus 73 persons for the purpose of computing interim weighted voting. As soon as the 1970 census figures by wards are available then those figures shall be used for computation.
Notice of the pendency of this action should be given to the City of Cortland and each town (CPLR 1005). Within five days after entry of the order hereon, plaintiff should mail a copy of it to the clerk of the city and the clerk of each town. The city and any town, if so advised, may seek to intervene in this action.
This court will retain jurisdiction of this action with the right to any party to seek further relief.
Plaintiff’s motion for summary judgment should be granted to the extent set forth herein.